IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01680-RM-KLM

LAURENCE R. GOODMAN,

　　Plaintiff,

v.

JOHN HICKENLOOPER, and
CYNTHIA COFFMAN,

　　Defendants.

---

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Dismiss** [#36][1] (the "Motion"). Plaintiff filed a Response [#46] in opposition to the Motion [#36]. Defendants did not file a Reply. Plaintiff proceeds in this matter as a pro se individual.[2] Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c), the Motion [#36] has been referred to the undersigned for recommendation. *See* [#37]. The Court has reviewed the Motion, Response, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the

---

[1] "[#36]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

[2] The Court is mindful that it must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not a pro se litigant's advocate, nor shall the Court "supply additional factual allegations to round out [a pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, Plaintiff, as a pro se litigant, must follow the same procedural rules that govern other litigants. *Nielson v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994).

Motion [#36] be **GRANTED**.

## I. Summary of the Case[3]

On April 6, 2017, Plaintiff was arrested and incarcerated. *Am. Compl.* [#17] at 6. Plaintiff suffered a respiratory infection and hearing loss after his arrest. *Id.* Plaintiff remains under house arrest with an ankle bracelet. *Id.*

Plaintiff claims that "there are no public officers currently elected or appointed anywhere within the State of Colorado who have filed evidence for public scrutiny [of] a mandated fiduciary bond or recognizance" [sic]. *Id.* at 1. Consequently, Plaintiff argues that "those persons posing as state and county public officers defy the will of the People of Colorado." *Id.* Plaintiff further avers that "there are no lawful or valid criminal or civil cases in the State of Colorado Court system and all the courts in the State of Colorado are vacant from the Supreme Court on down . . . ; imposters now hold positions in those courts." *Id.* at 2. In total, Plaintiff claims there are 574 imposters holding public office within Colorado. *Id.* at 3. The two named Defendants, Governor John Hickenlooper ("Hickenlooper") and Colorado Attorney General Cynthia Coffman ("Coffman"), are among those claimed to be imposters. *Id.* at 1.

The Amended Complaint [#17] contains an unenlightening screed which purports to set forth the legal basis for Plaintiff's claims and includes references to the Colorado Constitution, United States Constitution, 18 U.S.C. § 241, 18 U.S.C. § 242, and 18 U.S.C. § 1513. *Am. Compl.* [#17] at 5-7. For relief, Plaintiff is seeking: (1) that the Court issue an order declaring all public offices in Colorado to be vacant; (2) that the Court "[r]equire that

---

[3] The well-pleaded allegations of the complaint are accepted as true for purposes of a motion to dismiss, and reviewed in a light most favorable to the plaintiff. *Cannizzo v. Lab Corp. of Am.*, No. 07-cv-01214-WDM-KLM, 2007 WL 4617193, at *2 (D. Colo. Nov. 14, 2007) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

each and every Colorado State Legislature [sic] verify and the Court to be assured that those persons holding a state public office are constitutionally and statutorily holding those offices prior to appropriating public funds for any purpose;" (3) that the Court appoint a "Master" to collect the paychecks of the illegitimate office holders; (4) damages for "personal damage, property loss and damage to reputation," plus damages in the amount of "$10,000 for every day of incarceration, at least $1,000 per day for every day under the continuing house arrest, and rent and damages from said imposters squatting on [P]laintiff's house;" (5) that the Court declare all contracts between Plaintiff and the "imposters" void; and (6) that the Court order Defendants to "put up an appellate bond . . . equal to their portion of public appropriations." *Am. Compl.* [#17] at 7-8.

Defendants have filed the present Motion [#36] seeking to dismiss the Amended Complaint [#17] pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## II. Standard of Review

Subject matter jurisdiction may be challenged by a party or raised sua sponte by the court at any point in the proceeding. *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 16-19, (1951); *Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1366 (10th Cir. 1982); Fed. R. Civ. P. 12(h)(3). A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: a facial attack or a factual attack. When reviewing a facial attack on a complaint pursuant to Rule 12(b)(1), the Court accepts the allegations of the complaint as true. *Holt v. United States*, 46 F.2d 1000, 1002 (10th Cir. 1995). When reviewing a factual attack on a complaint supported by affidavits or other documents, the Court makes its own factual findings and need not convert the motion to one brought pursuant to Rule 56 of the Federal Rules of Civil Procedure. *Id.* at 1003.

Rule 12(b)(1) concerns whether the Court has jurisdiction to properly hear the case before it. Dismissal of a federal claim for lack of subject-matter jurisdiction "is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation v. Cty. of Oneida*, 414 U.S. 661, 666 (1974)). Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see* Fed. R. Civ. P. 12(b)(1). Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed. *F. & S. Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

### III. Analysis

Plaintiff refers to alleged violations of the Colorado Constitution, United States Constitution, 18 U.S.C. § 241, 18 U.S.C. §242, and 18 U.S.C. § 1513. *Am. Compl.* [#17] at 5-7. The criminal statutes referenced by Plaintiff are not enforceable by him in this lawsuit, as no private right of action exists under those statutes. *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986). Hence, the authority on which Plaintiff purports to base his legal claims remains unclear. Moreover, it is likewise unclear whether Plaintiff is suing Defendants in their official capacities or their individual capacities. *See id.* at 1. The Amended Complaint [#17] lists Defendants without their official titles. However, in the Motion to Dismiss [#36], Defendants list themselves as acting in their official capacities. In the Response, Plaintiff argues that "[t]he altered caption on [the Motion [#36]] . . . is an

unsupported assertion by [D]efendants who are not lawfully holding office." [#46] ¶ 1.  For purposes of this analysis, the Court assumes that Plaintiff is suing Defendants in both their official capacities and individual capacities.

Defendants argue, among other things, that although Plaintiff's "ultimate goal is not entirely clear from the [Amended Complaint [#17]] itself, . . . this case is an attempt to prevent his state criminal prosecution from going forward." *Motion* [#36] at 3.  Defendants further contend that Plaintiff lacks standing to assert his claims.[4]  *Motion* [#36] at 6.  "[The] standing doctrine addresses whether, at the inception of litigation, the plaintiff had suffered a concrete injury that could be redressed by action of the court." *Utah Animal Rights Coal. v. Salt Lake City Corp.*, 371 F.3d 1248, 1263 (10th Cir. 2004).  "To establish Article III standing, the plaintiff bears the burden of demonstrating the following three elements: (1) an injury in fact; (2) a causal connection between the injury and the challenged action; and (3) a likelihood that a favorable decision will redress the injury." *Jordan v. Sosa*, 654 F.3d 1012, 1019 (10th Cir. 2011).

Out of an abundance of caution, the Court addresses both Plaintiff's request for relief on behalf of citizens of Colorado and the alleged individual harm he claims to have suffered.  First, in order to determine whether Plaintiff lacks standing, the Court must consider whether Plaintiff has suffered an injury in fact.  Plaintiff alleges that persons are posing as state and county officers and that those persons are defying "the will of the People of Colorado and deny the need for their trust." *Am. Compl.* [#17] at 1.  Plaintiff

---

[4] Defendants also argue that: (1) Plaintiff fails to establish that a federal question exists; (2) the Amended Complaint is barred by the Eleventh Amendment; (3) the Amended Complaint is barred by the *Younger* abstention doctrine; and (4) the Amended Complaint does not satisfy the *Twombly* pleading standards. *Motion* [#36] at 5, 11, 12, 13.  Because the Court finds that dismissal is appropriate based on the standing argument, the Court need not address the other arguments.

asserts that if the "imposters" are allowed to continue serving in their positions there will be "a massive loss to the entire republic." *Id.* at 7. This claim is grand in scale; however, "standing to sue may not be predicated upon an interest . . . which is held in common by all members of the public, because of the necessarily abstract nature of the injury all citizens share." *Baker v. State*, No. 13-cv-01334-PAB-KLM, 2014 WL 624342, at *2 (D. Colo. Feb. 18, 2014) (quoting *Chrisman v. C.I.R.*, 82 F.3d 371, 373 (10th Cir. 1996)). Plaintiff claims that the people of Colorado have been denied a republican form of government, which Plaintiff claims is "a massive loss to the entire republic." *Am. Compl.* [#17] at 7. A loss that affects the entire republic necessarily entails an injury that applies equally to all citizens of Colorado, and is therefore generalized. *See Baker*, 2014 WL 624342, at *2. "Even when a plaintiff is sincere and motivated to pursue a case, the court cannot exercise jurisdiction for generalized grievances." *Id.* (quoting *Chrisman v. C.I.R.*, 82 F.3d 371, 373 (10th Cir. 1996)). Accordingly, the Court has no jurisdiction to consider Plaintiff's grievances purportedly brought on behalf of the citizens of Colorado.

Although Plaintiff's main grievance is generalized, Plaintiff alleges other individual injuries that are tangible and personal. *See id.* In the "Injuries" section of the Amended Complaint [#17], Plaintiff alleges that, through a conspiracy by the FBI as well as the Sheriffs' Departments of Denver and Boulder, he was "subjected to torture." *Am. Compl.* [#17] at 6. Plaintiff alleges that he suffered a respiratory infection and hearing loss as a result of the torture he endured. *Id.* Being tortured and suffering a respiratory infection as well as hearing loss are tangible and personal injuries. *See Baker*, 2014 WL 624342, at *2. Plaintiff therefore satisfies the injury prong of standing to the extent that he brings claims for individual relief.

The Court now turns to Plaintiff's allegations of causation regarding his alleged individual injuries. "To demonstrate causation, [the plaintiff] must show that his injury is 'fairly traceable' to the defendants' actions." *Habecker v. Town of Estes Park, Colo.*, 518 F.3d 1217, 1225 (10th Cir. 2008) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Article III's causation burden requires "proof of a substantial likelihood that the defendant's conduct caused plaintiff's injury in fact." *Id.* (quoting *Nova Health Systems v. Gandy*, 416 F.3d 1149, 1156 (10th Cir. 2005)). Speculative inferences are not enough to meet the Article III causation burden. *See id.* "Moreover, where 'the independent action of some third party not before the court' . . . was the direct cause of the plaintiff's harm, causation may be lacking." *Id.* (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976)).

As Defendants note in the Motion [#36], Plaintiff does not allege that the torture he allegedly suffered and his subsequent injuries were caused by Defendants. *Am. Compl.* [#17] at 6. Plaintiff instead states that the torture was part of a conspiracy by Joseph Pelle, Patrick Firman, and "alleged" FBI agents. *Id.* None of these individuals are named parties in the Amended Complaint [#17] and thus, Plaintiff's tangible and personal injuries were allegedly caused by third parties not before the court. *See Habecker*, 518 F.3d at 1225. An injury due to a third party's actions does not defeat standing, but it does make it substantially more difficult to establish that the injury was the consequence of a named defendant's actions. *Id.* (citing *Warth v. Seldin*, 422 U.S. 490, 504-505 (1975)). Manifestly, significant speculation is required to create any link between Defendants, the alleged non-parties' actions, and Plaintiff's alleged injuries. As stated above, Plaintiff does not allege that his tangible and personal injuries were caused by Defendants' actions. *Am. Compl.*

[#17] at 6. Except for a brief mention of the Attorney General, Defendant Coffman, the only public officers mentioned in the "Injuries" section of the Amended Complaint [#17] are the non-parties mentioned above, as well as two judges and one attorney.[5]  *Id.* at 6-7.  The only wrong Plaintiff accuses Defendant Coffman of in the "Injuries" section, and indeed the entire Amended Complaint [#17], is that she failed to file a fiduciary bond.  *Id.* at 7.  It would require an inferential leap by the Court to find that Plaintiff has sufficiently alleged that Defendants orchestrated the conspiracy that he alleges was the cause of his injuries.  *See Habecker*, 518 F.3d at 1225.  As already stated, speculative inferences are not enough to meet the Article III causation burden.  *Id.*  The Court therefore finds that Plaintiff has not satisfied the causation prong of standing.

Because Plaintiff has failed to adequately allege that Defendants' actions were the cause of his injuries, he has therefore failed to establish standing.  *See Jordan*, 654 F.3d at 1019.

## IV. Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that the Motion [#36] be **GRANTED** and that the Amended Complaint [#17] be **DISMISSED without prejudice**.  *See Harrison v. United States*, 329 F. App'x 179, 182 (10th Cir. 2009) (citing *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218-1219 (10th Cir. 2006)) (holding that claims dismissed for lack of subject matter jurisdiction should be dismissed without prejudice).

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen

---

[5]  Plaintiff does not mention Governor Hickenlooper, the other Defendant, at all in the "Injuries" section of the Amended Complaint.  [#17] at 6-7.

(14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: July 10, 2018

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge